UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Sabrina Alberg )<br>    Plaintiff )<br> )<br>v. )<br> )<br>Foss Motors, Inc. )<br>    Defendant ) | Civil Action No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is a sexual discrimination in employment action arising out of the sexual harassment of the Plaintiff by employees of the Defendant.

### PARTIES

1. Plaintiff Sabrina Alberg is a resident of Danville, New Hampshire whom was formerly employed by the Defendant.

2. Defendant Foss Motors, Inc. ("Foss") is a corporation which operates a car dealership in Exeter, New Hampshire. It had in excess of twenty employees during Plaintiff's employment.

### JURISDICTION AND VENUE

3. This action is brought pursuant to this Court's federal question jurisdiction under 28 U.S.C. § 1331, and its supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367 (a).

4.     Venue is proper in this State because all of the alleged acts occurred within the State.

5.     Plaintiff timely filed a Charge of Discrimination with the New Hampshire Commission for Human Rights and the Equal Employment Opportunity Commission.

6.     This action has been timely filed upon receipt of a Right to Sue Letter on December 27, 2016

## FACTS COMMON TO ALL COUNTS

7.     Plaintiff was hired in August 2015 to be a Service Advisor.

8.     Her supervisor was Dave Barry, Service Manager.

9.     Her job performance was excellent.

10.    At no time during her employment, did Defendant provide training on sexual harassment to Plaintiff and its other employees.

11.    From the beginning of her employment, Plaintiff was the recipient and object of comments, jokes and gestures of a sexual nature.

12.    She tried to ignore them.

13.    On June 7, 2016, one of her co-employees, a technician named Wayne, made a comment to her which included a supposed "joke" about her having semen in her mouth.

14.    She complained to Barry who said that the problem would take care of itself.

15.    On the following day, June 8, 2016, she was slapped hard on the buttocks by another technician, Keith Richardson ("Richardson).

16.    She told him never to do it again.

17.    He laughed at her.

18. She then complained to the General Manager, Dave Andonian, about this assault.

19. He told her that Richardson was a problem, but that he made a lot of money for the business.

20. He said that because Richardson would be on vacation next week, her concerns should resolve.

21. No action was taken against Richardson or to protect the Plaintiff.

22. On the following morning, June 9, 2016, Plaintiff was called into a meeting with Andonian and the owner, Larry Foss.

23. Andonian said his initial thought had been to fire Richardson, but he wanted to consult with Foss.

24. Foss said that the Plaintiff was a fantastic employee, that he knows the dealership has problems with the good old boys club, and he blames himself for not doing anything earlier.

25. He said he wanted to make the workplace better, but did not know how to do it.

26. Foss acknowledged that Richardson gets away with a lot of stuff, but said that he makes a lot of money for the business.

27. He repeated Foss's prior statement that Richardson would be on vacation next week.

28. Foss said that it might be time for sexual harassment training.

29. Shortly after this meeting, Richardson again slapped the Plaintiff on the buttocks.

30. He hit her so hard that it stung.

31. Plaintiff again complained to Andonian.

32. Andonian and Foss called Richardson into a meeting, but did not terminate his employment.

33. Plaintiff went to Andonian's office.

34. On the way to his office, Plaintiff was stopped by Wayne and asked if she wanted to come down to his bay. He said, "I promise I won't slap you on the ass."

35. Plaintiff felt ridiculed and humiliated.

36. Plaintiff told Andonian that "maybe this is not the place for me."

37. Instead of offering any reassurance, Andonian told her that she should take the afternoon off to think about it.

38. She asked him why she should be the one thinking about leaving when Richardson had gotten away with slapping her on the ass twice.

39. Andonian said Richardson would not do it again, and Plaintiff should just think about whether she wanted to leave.

40. The acts of sexual harassment against the Plaintiff were unwelcome.

41. The acts of sexual harassment against the Plaintiff were severe and pervasive, and created a hostile working environment.

42. The acts of sexual harassment against the Plaintiff interfered with her ability to do her job.

43. Because of Plaintiff being sexually assaulted and ridiculed, and the absence of any effective remedial action by the employer, she was unable to return to work the next day, June 10, 2016.

44. No reasonable person could remain in a work environment in which she was subject to repeated sexual assaults and verbal ridicule.

45.     Plaintiff received a telephone call from Barry apologizing for the situation not being handled properly.

46.     He asked Plaintiff if she could return to work next week to train her replacement.

47.     Plaintiff declined.

48.     After the Plaintiff left the workplace, she was told by another female employee that a technician had attempted to trip that employee in the presence of Andonian.

49.     Then the technician asked Andonian, "are we not allowed to trip them or are we just not allowed to grab their ass?"

50.     The sexual harassment that the Plaintiff suffered has caused her disabling panic attacks and severe anxiety requiring medical treatment and medication as well as a loss of employment and income.

## COUNT I

### Violation of 42 U.S.C. § 2000e (k)

#### Discrimination

51.     Defendant intentionally engaged in an unlawful employment practice against the Plaintiff by subjecting her to severe and pervasive harassment without effective remedial action resulting in her constructive termination.

## COUNT II

### Supplemental State Claim For Violation of NH RSA 354-A:7 (V)

#### Discrimination

**52.**     Plaintiff was subjected to sexual harassment on the basis of sex with the effect of unreasonably interfering with her work performance, and creating an intimidating, hostile and offensive work environment.

**WHEREFORE,** Plaintiff respectfully requests:

A. That this Court enter a declaratory judgment that Defendant's actions and inactions against Plaintiff violates the laws of the United States and the State of New Hampshire;

B. That Plaintiff be awarded past and future lost wages including loss of fringe benefits which resulted from the illegal discrimination and retaliation;

C. That Plaintiff be awarded compensatory, enhanced compensatory and punitive damages;

D. That Plaintiff be awarded the costs of this action and her reasonable attorney's fees;

E. That Plaintiff be awarded pre-judgment interest;

F. That Plaintiff be compensated for any tax loss arising out of this Court's judgment;

G. That this court order the Defendant to provide and require training for all employees regarding sexual harassment and other forms of illegal discrimination; and

H. Grant such other relief as the Court deems just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY**

Respectfully submitted,

**SABRINA ALBERG**

By Her Attorneys:

**BACKUS, MEYER & BRANCH, LLP**

Dated:  February 22, 2017			By:	     /s/ Jon Meyer

Jon Meyer, Esquire (NHBA # 1744)
Backus, Meyer and Branch, LLP
116 Lowell Street
P.O. Box 0516
Manchester, NH 03105-0516
603/668-7272
jmeyer@backusmeyer.com